30726. STOKES *v.* THE STATE.

DECIDED JANUARY 17, 1945.

*John R. Strother, J. Wightman Bowden,* for plaintiff in error.

*Lindley W. Camp, solicitor, John A. Boykin, solicitor-general, Durwood T. Pye,* contra.

GARDNER, J. The defendant was convicted in the criminal court of Fulton County, without a jury, for the offense of operating a lottery, generally known as the "number game." He obtained the sanction of the writ of certiorari complaining of his conviction. On the final hearing the writ was denied and dismissed by the superior court. It is on this judgment that the defendant assigns error. It appears by agreement between the parties that on the date the accused was alleged to have committed the crime there was in operation in Fulton County a lottery known as the "number game." There was a further agreement as to the method and manner of operating, and the paraphernalia necessary to operate, this game. In addition, the State proved that on the date alleged in the indictment two policemen assigned "to work on the lottery squad" went to the home of the defendant, and as they entered the house the defendant ran through the house to a kitchen, wherein was located a stove, and began placing in the stove certain lottery paraphernalia in the nature of original lottery tickets and books, and duplicates, with figures and totals, book numbers and sales used in the operation of the number game. They bore no date. The officers seized the paraphernalia and they were introduced in evidence over the objection that they were immaterial, irrelevant, and prejudicial and gave no evidence of the defendant's connection with the lottery game for which he was being tried.

The defendant contends on the usual general grounds that the evidence is insufficient to sustain his conviction, and in addition to the general grounds he assigns error (d) because the evidence fails to show that there was any money paid by anyone for the purpose of a prize, or that any chance was taken by anyone, or any money hazarded by anyone, and that the evidence did not show that he took part in keeping or maintaining and operating a lottery; (e) because the evidence failed to show the crime was committed within two years; (f) because the evidence failed to show

that the lottery paraphernalia had been used in connection with a lottery game for two years.

By comparison it will be found that the objections here made are in effect the same as those made on these points in the case of *Mills* v. *State,* 71 *Ga. App.* 353 (30 S. E. 2d, 824), and the evidence as to these assignments of error is practically the same here as there. What we could say here is covered and controlled by what we said there. It is our opinion that the court did not err in denying the certiorari for any of the reasons assigned.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*